IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LOREDO MORALES, | |
| Petitioner, | No. 08-CV-00382 JCW |
| vs. | |
| MIKE KNOWLES, et al., | |
| Respondents. | <u>OPINION AND ORDER</u> |
| _____/ | |

    Morales, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 17, 2009, all but one of Morales' habeas claims were dismissed, and the respondents were ordered to respond to the remaining claim. On June 10, 2009, the respondents filed a motion to dismiss, arguing that Morales' petition is barred by the statute of limitations. Morales opposed the motion.

**I.**

    On July 1, 2004, a state court jury convicted Morales on charges of second-degree murder and engaging in criminal street gang activity. The jury also found

1  true an enhancement alleging that Morales committed the murder for the benefit of a
2  criminal street gang.  He was sentenced to 15 years to life imprisonment on the
3  second-degree murder charge, 15 years to life imprisonment on the gang
4  enhancement (to be served concurrently with the prison term for second-degree
5  murder), and 3 years imprisonment on the gang activity charge (to be served
6  consecutively to the other prison terms).  Morales also admitted an allegation
7  included in the indictment that he had served a prior prison term.  On that charge, he
8  was sentenced to one year imprisonment (to be served consecutively to the other
9  prison terms).  Judgment in Morales' case was entered on August 30, 2004.

      Morales appealed from his conviction and sentence to the California Court of Appeal, Third District.  On February 27, 2006, the state court of appeal upheld his convictions, but vacated the jury's true findings on the gang enhancement and struck the sentence imposed for that enhancement, and stayed the three-year sentence for the gang activity charge.  On March 29, 2006, Morales petitioned the California Supreme Court for review.  The California Supreme Court denied the petition on May 24, 2006.  Morales did not file a petition for certiorari with the United States Supreme Court.

      On January 31, 2008, Morales filed his federal habeas petition in the Northern District of California.  After the case was transferred to the Eastern District of California, the petition was dismissed without prejudice due to a pleading defect.  On November 12, 2008, Morales filed a corrected petition.

## II.

Morales' petition is barred by the applicable statute of limitations.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), a federal habeas petition must be filed within one year after "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  "[D]irect

review" includes review by the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, a judgment becomes "final" under section 2244(d)(1)(A) "in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, the California Supreme Court denied Morales' petition for review on direct appeal on May 24, 2006. The time period within which to file a petition for writ of certiorari from the United States Supreme Court elapsed ninety days after that date, on August 22, 2006. *See, e.g.*, *Bowen*, 188 F.3d at 1160, citing Sup. Ct. R. 13. Because he did not file a petition for certiorari, the state court judgment became final on August 22, 2006. Pursuant to section 2244(d)(1)(A), Morales had until August 22, 2007 to file his federal habeas petition. Morales filed his petition on January 31, 2008, well past that date. Therefore, absent tolling, his petition is untimely.

Morales argues that he is entitled to equitable tolling. Equitable tolling is "appropriate only if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation marks and citation omitted). Morales bears the burden of showing that extraordinary circumstances exist to justify equitable tolling. *Id.* at 1065. He did not meet this burden.

First, Morales argues that he has "no knowledge of law and litigation and [his] level of intelligence and education is not very high." He submits evidence that his reading and writing skills are below average, and that he asked for legal assistance from a fellow inmate in filing his amended habeas petition. In *Rasberry v. Garcia*, the Court of Appeals for the Ninth Circuit held that a pro se petitioner's "lack of

3

legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, under *Rasberry*, Morales' argument for equitable tolling based on his lack of legal knowledge must be rejected. *See, e.g., id.* (denying equitable tolling to a pro se petitioner who argued that he was unable to calculate correctly the limitations period applicable to his habeas claims).

Second, Morales alleges that he has been on anti-psychotic agents during his incarceration. He further submits a Board of Prison Terms Summary of Revocation Decision, dated October 15, 2003, indicating that he had a "CCCMS" classification at that time, which means he participated in an outpatient program for mental health treatment. Mental incompetence may justify equitable tolling of the statute of limitations. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003), citing *Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). However, "a petitioner's mental incompetence [must have] in fact caused him to fail to meet the [federal habeas] filing deadline." *Laws*, 351 F.3d at 923.

In this case, Morales does not allege, and his evidence does not indicate, that he was ever mentally incompetent. Moreover, even if I were to assume his incompetency, he provides no evidence that his mental health issues in fact caused him to miss the applicable filing deadline. Indeed, the only evidence he submitted to substantiate his claim of mental incompetence indicates that his purported mental health problems occurred *before* the one-year limitations period began in August 2006. Thus, equitable tolling is not justified on this ground.

For these reasons, the respondents' motion to dismiss is GRANTED. Accordingly, Morales' petition is dismissed with prejudice as barred by the statute of limitations. The Clerk of Court is ordered to close this case; all pending motions are moot.

| | | |
|---|---|---|
| 1 | DATED: August 24, 2009 | /s/ J. Clifford Wallace |
| 2 | | J. Clifford Wallace<br>United States Senior Circuit Judge |

1. 
2. 
3. 
4. 
5. 
6. 
7. 
8. 
9. 
10. 
11. 
12. 
13. 
14. 
15. 
16. 
17. 
18. 
19. 
20. 
21. 
22. 
23. 
24. 
25. 
26.